IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:99-CR-4-BR
No. 5:16-CV-380-BR

| | |
|---|---|
| CARL DOUGLAS CONSOLVO<br><br>v.<br><br>UNITED STATES OF AMERICA | ORDER |

This matter is before the court on petitioner's 15 November 2019 letter, (DE # 50), and his 28 U.S.C. § 2255 motion, (DE # 56).

In 1999, a jury convicted petitioner of carjacking in violation of 18 U.S.C. § 2119, possession of a firearm by a fugitive in violation of 18 U.S.C. § 922(g), and using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The court sentenced petitioner to a total term of 428 months imprisonment. The Fourth Circuit Court of Appeals affirmed petitioner's convictions. (DE # 37.)

In 2016, with the assistance of counsel, petitioner filed a § 2255 motion challenging his § 924(c) conviction. (DE # 42.) On the government's unopposed motion, the court stayed the proceeding pending two appellate decisions. (DE # 47.) After one of those decisions issued, in March 2019, petitioner, through counsel, withdrew the § 2255 motion. (DE # 48.) Upon learning counsel had withdrawn that motion, in November 2019, petitioner sent a letter to the court requesting that the motion be reinstated. (DE # 50.)

In the meantime, petitioner filed in the Fourth Circuit Court of Appeals a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) for authorization to file a second or successive § 2255 motion to

assert a claim based on the decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). (See DE # 55.) Recently, the appellate court concluded petitioner did not need such authorization because his initial § 2255 motion was withdrawn before it was adjudicated by this court. (Id.) It therefore construed petitioner's motion before it as a § 2255 motion and transferred it to this court. (Id.) Because this motion includes the claim petitioner raised in his initial § 2255 motion, reinstating the initial motion is unnecessary, and petitioner's request for the same is DENIED.

The court examines the three claims petitioner raises in his recently transferred § 2255 motion. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

First, petitioner claims the offense of carjacking is not a crime of violence for purposes of § 924(c), and therefore, his § 924(c) conviction and sentence must be vacated. (DE # 56, at 4, 15.) The Fourth Circuit Court of Appeals had held that "the carjacking statute[, 18 U.S.C. § 2119,] qualifies as a crime of violence under Section 924(c), because the carjacking statute 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" United States v. Evans, 848 F.3d 242, 244 (4th Cir. 2017) (citing 18 U.S.C. § 924(c)(3)(A)); see also United States v. Runyon, 994 F.3d 192, 201 (4th Cir. 2021) (refusing to overrule Evans). Accordingly, petitioner is not entitled to relief on this claim, and it is DISMISSED.

In his second and third claims, petitioner challenges his § 922(g) conviction based on Rehaif and actual innocence. (DE # 56, at 5, 7, 15-18.) Within 30 days, the government is

DIRECTED to file an answer, motion, or other appropriate response to these two claims.

This 13 October 2021.

_____
W. Earl Britt
Senior U.S. District Judge